```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
   VIOLETA KANDOV,                                          :
                                                            :   MEMORANDUM DECISION
                               Plaintiff,                   :   AND ORDER
                                                            :
               - against -                                  :   21-cv-1346 (BMC)
                                                            :
   JANICE A. TAYLOR, MARK C. DILLON,                        :
   JEFFREY A. COHEN, BETSY BARROS,                          :
   and FRANCESCA E. CONNOLLY, in their                      :
   judicial capacities,                                     :
                                                            :
                               Defendants.                  :
                                                            :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff, a homeowner who is unhappy with the outcome of a contractor's lawsuit in New York state court, has sued the Supreme Court Justice who ruled against her and the four Appellate Division Justices who affirmed that ruling on appeal. As part of her claim for relief, plaintiff also seeks a declaration that § 64 of the New York Lien Law violates her right to due process of law because it allows a court to award a money judgment in favor of a lienholder against a property owner in lieu of a lien foreclosure. The case likely fails for a host of reasons, but the most obvious ones are that judges are immune from liability for performing their judicial function and, by plaintiff's own allegations, she has had all the process to which she is entitled. Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is therefore granted.

## BACKGROUND

In 2006, plaintiff sued a contractor called Tudor & Son General Contracting, Inc., and its two principals (collectively, "Tudor") in the Supreme Court, Queens County, claiming that they

had breached their obligations under an oral contract for home renovations. Tudor counterclaimed for the amount it alleged was unpaid under the construction contract including lost profits, or, alternatively, to foreclose on a mechanic's lien it had filed based on that non-payment. The case was originally assigned to Justice Janice A. Taylor in Part 15 of the Supreme Court, Queens County. Justice Taylor granted partial summary judgment in favor of Tudor, dismissing some of plaintiff's causes of action but leaving her breach of contract claim. Justice Taylor also denied plaintiff's motion to vacate Tudor's mechanic's lien.

When the case came up for assignment in the trial part of the court in 2012, the parties agreed to refer the case to a Referee for determination. See N.Y. C.P.L.R. § 4301. The stipulation, So Ordered by Justice Martin J. Schulman (who was presiding in the trial part), stated: "[T]his matter and the issues of fact and law contained herein [are] referred to . . . Referee [Elizabeth] Anderson, to hear, try and report or upon consent of counsel determine all the issues contained herein."

During the proceeding before the Referee, Tudor withdrew that portion of its claim seeking lost profits. On June 12, 2015, after a bench trial, the Referee entered lengthy findings of fact and conclusions of law in favor of Tudor. Specifically, she ruled that plaintiff had failed to prove that Tudor had breached the oral contract. She also found that Tudor was entitled to foreclose on its mechanic's lien, and she fixed the amount of the lien, *i.e.*, the amount that plaintiff owed to Tudor, at $102,627 plus interest from the filing of the lien. The Referee's decision concluded:

> Accordingly, upon all of the foregoing and in furtherance of this court's determination that defendants are entitled to foreclose on the Mechanics Lien herein, defendants shall have the appointment of a Referee for that purpose. Upon submission of an Order of Reference to the Hon. Janice A. Taylor the court will appoint a referee.

2

The Referee thus directed the parties to submit an order to appoint a referee to foreclose on the mechanic's lien.

However, Tudor later realized that its mechanic's lien had lapsed after the trial. See N.Y. Lien Law § 17 (providing that a mechanic's lien has a one-year duration unless renewed). It therefore moved for a modification of the Referee's decision as to foreclosure, seeking entry of a judgment of $102,627 in money damages plus interest in lieu thereof. The matter appeared on Justice Taylor's calendar in Part 15, and Justice Taylor summarily granted it.

Plaintiff moved for reargument and Justice Taylor denied it on September 6, 2016. Plaintiff then appealed, arguing, in part, that Justice Taylor had no authority to modify the Referee's decision. The Appellate Division, by defendants Justices Dillon, Cohen, Barros, and Connolly, affirmed the decision of Justice Taylor, holding:

> Contrary to the plaintiff's contention, the defendants were entitled, in lieu of or in addition to pursuing a mechanic's lien foreclosure, to obtain a money judgment against her for the amount due under the parties' contract. Lien Law § 64 provides: "[a] court or referee in any action heretofore or hereafter brought may at any time award a money judgment in favor of any party. This shall not preclude the rendition of other judgments in the action. Any payment made on account of either judgment in favor of a party shall be credited on the other judgment." "[U]nder the plain language of the Lien Law, the Supreme Court had the authority to retain the action and award a money judgment even though the lien had expired." Aluminum House Corp. v Demetriou, 131 A.D.3d 986, 987 (2015); see Eagle Contrs. of Utica v Black, 8 N.Y.2d 732 (1960).

Kandov v. Kats, 177 A.D.3d 964, 965, 111 N.Y.S.3d 199, 199 (2d Dep't 2019), leave to appeal denied, 36 N.Y.3d 902, 135 N.Y.S.3d 349 (2020). The Appellate Division rejected plaintiff's "remaining contentions" as "either without merit or not properly before th[e] Court." Id.

Plaintiff thereupon commenced this action under 42 U.S.C. § 1983. She alleges that the entry of a money judgment against her was "without due process of law" because Justice Taylor "usurp[ed] jurisdiction over an action" and "award[ed] a money judgment against [her] without hearing or seeing any evidence and without making findings of fact or conclusions of law."

3

Plaintiff further contends that the Appellate Division Justices committed the same transgression by affirming Justice Taylor's decision. Plaintiff seeks a declaratory judgment that the entry of the money judgment was unconstitutional, that the money judgment is unenforceable, and that Lien Law § 64 is unconstitutional.

The defendant Justices have moved to dismiss on seven grounds: (1) defective service; (2) sovereign immunity; (3) judicial immunity; (4) the Rooker-Feldman doctrine; (5) the statute of limitations as to the claims against Justice Taylor; (6) that judges are not "person[s] acting under color of state law" under § 1983 when sued in their official capacity; and (7) that the complaint fails to state a plausible claim for a denial of due process. Grounds (3) and (7) are sufficient to dismiss this case.[1]

## DISCUSSION

### I. Judicial Immunity

It is well-settled that judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009). This immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action [she] took was in error or was in excess of [her] authority." Mireles, 502 U.S. at 11, 13 (alteration adopted) (quoting another source). This immunity will "foreclose all claims for damages," and though it "do[es] not necessarily preclude declaratory relief," it will still bar "claims that are retrospective in nature in that they seek a declaration that a judge's past behavior

---

[1] There are other problems. For one thing, although plaintiff is challenging the constitutionality of a state statute, she has made no effort to comply with Federal Rule of Civil Procedure 5.1. In fact, she has probably sued the wrong defendants, since state court judges, as defendants, have no particular interest in defending a state statute against constitutional attack. In addition, since plaintiff is seeking to declare unenforceable a judgment in favor of Tudor, it seems likely that Tudor is a necessary and probably indispensable party under Federal Rule of Civil Procedure 19, yet plaintiff hasn't named Tudor as a party.

has violated the Constitution." Sibley v. Geraci, No. 6:20-cv-06310, 2020 WL 6041842, at *2 (W.D.N.Y. Oct. 13, 2020) (quoting other sources), aff'd, No. 20-3608, 2021 WL 2224369 (2d Cir. June 2, 2021) (summary order).

Plaintiff's attempts to avoid this hornbook law are superficial. First, she contends that Justice Taylor's activity was "non-judicial." See Mireles, 502 U.S. at 11 (noting that "a judge is not immune from liability for nonjudicial actions"). I reject that argument because I can't think of anything more judicial than a judge ruling on motion papers submitted in her court. Second, plaintiff contends that Justice Taylor's ruling was taken "in the complete absence of all jurisdiction," see id., because the matter had been referred to a Referee. That is incorrect. Courts have jurisdiction, and judges exercise the jurisdiction of the court. The Supreme Court, Queens County clearly had jurisdiction over the case.

What plaintiff is really complaining about is that Justice Taylor did not properly observe the division of business rules in the New York Civil Practice Law and Rules because she should have referred Tudor's modification motion to the Referee. Justice Taylor thought otherwise, viewing the reference to the referee as extending through the trial but not subsequent proceedings. Indeed, even the Referee, as part of her decision, thought otherwise – she did not seek to appoint a foreclosure referee herself, as she would have been able to do under plaintiff's view of her authority. Rather, the Referee directed the parties to submit an order to Justice Taylor for the appointment of a referee for the foreclosure. The Appellate Division Justices agreed with both Justice Taylor and the Referee. Regardless of whether the Referee, Justice Taylor, and the four Appellate Division Justices were all right or all wrong in their evaluation of state law, it cannot reasonably be contended that Justice Taylor was acting "in the absence of all jurisdiction."

5

The Second Circuit recently addressed this "wrong judge" argument in <u>Deem v. DiMella-Deem</u>, 941 F.3d 618 (2d Cir. 2019). There, a family court judge had recused herself from a family court proceeding, and another judge had been assigned to the case, but shortly thereafter, the recused judge extended a temporary protection order that she had previously entered. The plaintiff contended that the extension was "taken in the complete absence of all jurisdiction." The Second Circuit disagreed: "[E]ven assuming that [the judge] erred in extending the temporary protection order . . . shortly after recusing herself, any such error f[ell] far short of an act 'taken in the complete absence of all jurisdiction.'" <u>Id.</u> at 621 (first quoting <u>Mireles</u>, 502 U.S. at 12; then citing <u>Brandley v. Keeshan</u>, 64 F.3d 196, 201 (5th Cir. 1995) (holding that judicial immunity barred a suit against a state court judge who set an execution date after recusing himself), <u>abrogated on other grounds by</u> <u>Wallace v. Kato</u>, 549 U.S. 384 (2007)).

As to the Appellate Division Justices, plaintiff makes no argument that they are not protected by judicial immunity. I don't know why not. Nothing her lawyer could come up with would be any more far-fetched than her argument that Justice Taylor is not immune.

## II. Deprivation of Due Process

Plaintiff attacks the constitutionality of New York Lien Law § 64 because it gives the holder of a mechanic's lien the right to either foreclose on its lien or obtain an in personam judgment on the debt. The statute provides:

> Award of personal judgment by court or referee.
>
> A court or referee in any action heretofore or hereafter brought may at any time award a money judgment in favor of any party. This shall not preclude the rendition of other judgments in the action. Any payment made on account of either judgment in favor of a party shall be credited on the other judgment.

The statute is utterly unremarkable. All it does is make clear that, unlike foreclosure of a mortgage lien, a mechanic's lien is not subject to the election of remedies rule in § 1301 of the

6

New York Real Property Actions and Proceedings Law.  That is, a mechanic's lienholder can pursue either or both of foreclosure on the lien or a money judgment against the property owner, and the lienholder doesn't have to exhaust one remedy before using the other, as with a mortgagee.  See Macris v. Specialized Loan Servicing, LLC, No. 17-cv-361, 2021 WL 3052007, at *11 (W.D.N.Y. July 20, 2021).  That presents no constitutional issue.  A property owner who does not pay her debt to a contractor may lose the property, or she may suffer a money judgment (which, even if the mechanic's lien has failed, may still be executed against the property).  It is up to the mechanic's lienholder to decide which remedy to pursue and when.

      Plaintiff also argues that the Lien Law violates due process rights by (A) allowing any judge, or any referee, to assume jurisdiction over any action properly assigned to another judge or referee and (B) allowing the new judge or referee to award a money judgment, thereby depriving that party of her property rights.  Plaintiff further contends that all this occurs without the judge or referee hearing any evidence, making any findings of fact, or stating any reasons for the decision.

      The statute does no such thing.  Plaintiff had a trial before a Referee, and the Referee found that plaintiff owed Tudor $102,627.  Plaintiff had a full and fair opportunity to litigate that claim, and she lost.  The only remaining issue was the remedy.  The Referee authorized foreclosure of the mechanic's lien, as Tudor was seeking at that time, and the Referee directed the parties to Justice Taylor to appoint a foreclosure referee.  Because foreclosing the lien was not an adequate remedy, Tudor asked for a money judgment instead.  See N.Y. Lien Law § 54 ("If the lienor shall fail, for any reason, to establish a valid lien in an action under the provisions of this article, he may recover judgment therein for such sums as are due him, or which he might recover in an action on a contract, against any party to the action.").  Moreover, it is basic lien

law that if Tudor's lien had not lapsed, and the lien foreclosure did not pay off plaintiff's debt in full, Tudor would have been entitled to a personal judgment against plaintiff for the deficiency. See id. § 58 ("If upon the sale of the property under judgment in a court of record there is a deficiency of proceeds to pay the plaintiff's claim, judgment may be docketed for the deficiency against any person liable therefor, who shall be adjudged to pay the same in like manner and with like effect as in judgments for deficiency in foreclosure cases.").

Significantly, plaintiff offers no basis as to which she could have opposed that request for a money judgment other than challenging the constitutionality of Lien Law § 64. She seems to believe that the Referee exonerated her of personal liability or extinguished her debt to Tudor other than by foreclosure of the lien. Her complaint even falsely asserts that, "as [the Referee] found in her Decision and Order, [Tudor] withdrew their personal claim against [her]," even though the Referee merely found that Tudor had withdrawn its claim for lost profits.

Liens are not designed to create a haven for the dilatory debtor. Mechanic's liens furnish security to trade creditors for their materials and labor in addition to, not in lieu of, a common law action on the debt. Plaintiff has presented no constitutional issue.

## CONCLUSION

Defendants' motion to dismiss [11] is granted. The Clerk is directed to enter judgment, dismissing the case.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       August 12, 2021

8